Mr. Helbing and Mr. Jacko. Good afternoon, your honors. My name is Eric Helbing, appearing on behalf of the appellate, Amos Financial, LLC. With indulgence of the court, I'd like to reserve two minutes rebuttal. That's fine. Thank you, your honor. We are here today because of a Supreme Court decision in Hanson v. Santana which uprooted the FDCPA jurisprudence in not only this circuit, but across the country. The issue before the court today is whether or not an entity who took the debt in his own name is either a creditor or a debt collector pursuant to the FDCPA. Is it neither or or is it both? That's the one question I'm going to address today, your honor. One of the issues that the Supreme Court did not address in Santana was, or did not advocate was their mutual exclusivity test adopted not only in this circuit, but in other circuits across the country with holds that a party can either be a creditor or a debtor to any specific debt, but not both. Well, let me ask you, you say they didn't undermine that or they didn't advocate that. Wasn't the, and you've called it Santana, I'm used to calling it Henson, so we're talking about the same case. Isn't the point of Henson to say that you are not to focus on the default or non-default status of the debt as determinative of whether somebody is a debt collector or a creditor, right? That's correct. Okay. Well, isn't that very distinction, the distinction that was relied upon in check investors and in other cases to say that debt collector and creditor are mutually exclusive? I don't think so, your honor. It is a decision on the decisions of the court that is post-Henson or Santana. It's Bank of New York Mellon Trust Company, N.A. v. Henderson, page 62 of Fair 29. Here's the problem, the logic problem. The Fair Debt Collection Practices Act applies to debt collectors. Yes, sir. And so then people make the logical inference that if you are not a debt collector, you're something else, then you could be, the act does not apply to you. However, it may be, and if you, for example, let's just go back to check investors on page 173 of that decision. It makes a, people keep saying it's a precedent or it's a holding. It's a statement that as part of the analysis, you can't be one or the other, but it's not the holding. What it also says before that is collection activity could logically fall in that particular case into either category. So you then look to the Supreme Court case in Henson on page 1724, and it says that all we're going to do is assume without granting the premise that a person can't be both. So it hasn't decided that, but it says, Therefore, while the statute surely excludes from the debt collector definition certain persons who acquire debt before default, it doesn't necessarily follow that the definition must include anyone who regularly collects debts after default. Reading through the lines, it's possible you could be, for certain circumstances, one by definition, and for certain circumstances, another by definition. So why don't we just look at the text here? Yes, Your Honor. So you technically could fit under creditor by a person to whom a debt is owed, correct? Yes. You could technically also fit within debt collector because the principal purpose of which is the collection of any debts, not debts owed to another, any debts, not debts in default, or any debts. But, Your Honor, if you read the statute that way, doesn't this actually mean that any debts, sort of adjacent to the second part of that statute, debt collected on behalf of another, is sort of exclusive? No, that's the second problem, on behalf of another. Let's go to the first. Okay. The principal purpose of which is the collection of any debts. Well, Your Honor, in this case, if that's the course position and the positive question, we need to find what a debt is for, for instance, the FDCPA. A debt is defined as the FDCPA relating to consumer transactions, so not commercial debt. In this case, part of the definition is – You've got to know what the definition of debt is with respect to debt collector. You also have to know what, I suppose, the definition of debt is with respect to a creditor. But a debt is a sum owed to another, correct? Or do you want to – what definition would you say debt is? I use the definition in 1692-85. It says – A debt means any obligation or alleged obligation of a consumer to pay money for various number of transactions in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. So consumer debt is defined essentially as consumer debt. Yes, Your Honor. And if you look at the primary purpose, the record in this case and the trial court level is silent as to what the business transactions of an appellant is. The testimony of the trial court level was the business – I'll quote it to you one second, Your Honor. In essence, the testimony was that it was both performing and semi – not performing and semi-performing consumer and commercial debt. There's no evidence as to what percentage of debt was consumer versus commercial. There's no – or what time they spent on consumer versus commercial debt. Your argument is that if you are a creditor, you can't be a debt collector, right? Correct, Your Honor. And if you look at – And what we're saying is Henson may have challenged that rationale. Your Honor, I respectfully disagree. If I just may put, Your Honor, 692-A – collecting debts for such creditor. When I read check investors, and Judge Ambrose referenced this on page 173, the court said admittedly focusing on the status of the debt when it was acquired overlooks the fact that the person engaging in the collection activity may actually de-owed the debt and is therefore at least nominally a creditor. So that court recognized they're a creditor in some sense. But then went on to say, nevertheless, pursuant to 692-A, Congress has unambiguously directed our focus to the time when the debt was acquired in determining whether one is acting as a creditor. In other words, by its express language, check investors made the distinction and said you can't be a creditor if you're acquiring this debt post-default. The very thing that Henson said, don't pay attention to. Isn't that right? Going forward. That's right. Okay. So if check investors on which you rely makes it express and recognizes, you know, in ordinary parlance we call somebody who owns the debt a creditor, but we can't do that because we have to pay attention to whether this is pre- or post-default debt. And Henson comes along and says, stop paying attention to pre- and post-default debt. It's just debt. Isn't the rationale that you're relying on in check investors out the window after Henson? I don't think so. Again, it's the post-Henson cases that have been decided that relied upon. The question is, are they right? And they're decisions in another circuit. I mean, the first circuit that I have seen that is questioned whether this analysis that you can't be, it's mutually exclusive. There's a Ninth Circuit case called Schlegel. Schlegel, are you familiar with that? No, Your Honor. It's at 720F3-1204, S-C-H-L-E-G-E-L. And in a footnote to, on page 1208, Judge Ikuda, this is a case involving Wells Fargo. Wells Fargo relies on the out-of-circuit decisions holding that a person who meets the FDCPA definition of creditor is per se not a debt collector. And then it cites the cases. We reject this per se rule, which finds no support in the text of the FDCPA. So what we're trying to do is let's start with the text. And we both agree that you may fit within the definition of a creditor, and you may fit within the definition of a debt collector. Is that correct? I do not agree with that, Your Honor. You don't? I do not. Okay. Well, then you've got to tell me why. I do not, because the definition of debt collector by its very definition of exclusions in 1692A-6A excludes in the office of employees of a creditor if they're collected in the name of that creditor and that's owed to that creditor. So that excludes you and me if we're trying to collect on behalf of the creditor, because if we're employees, right? That's correct. So what's that got to do with the employer? That would lead to what I would submit would be an absurd result, Your Honor, that you're going to hold the employee or responsible for conduct of an employee, notwithstanding any training to the contrary they may have received, but at the same time resolving the employee of any responsibility. Why isn't it perfectly logical for Congress to say, well, we don't want the line employee to be on the hook for this. We want the company that employs the line employee to be on the hook for this. That's not absurd. I think, well, Your Honor, I disagree. What's absurd about it? You've got to tell us. The solutions don't help us. What's absurd is the purpose of the FDCPA is to protect debtors from over-agents creditors or debt collectors strike creditors. Then the most effective way to do that would be to hold that not only the company is liable, if that's what Congress intended, but also the employee itself liable. But the Congress could easily have reached a different conclusion and said, well, we don't want the person who's making minimum wage work in the phones to be liable for $1,000. We want the company that employs them to be liable for $1,000. The principal, not the agent. That's not an unusual or a strange or an absurd policy decision, is it? They could have made a different one. They could have made the decision you're describing, but they didn't. Why can't we just take Congress at their word? That's what we're trying to do with the definition of what a creditor is. Right, and the definition of a creditor, you've just read it, and you've agreed that it doesn't exclude the employer. It doesn't exclude Amos Financial, even if it excludes Amos Financial's employees. I'm having a little trouble following the logic you've got for why that kind of an exclusion means that Amos Financial can't be a creditor. You mean a debt collector. Excuse me, a debt collector. Well, as you know, our argument is in the mutual exclusivity test. Just tell us why it's absurd what Judge Jordan just said. I say a lot of absurd stuff. He's really trying to focus you on that one question. No, I don't think what Judge Jordan is saying is absurd. More often than not, it's trying to ascertain what the conventional intent would have been by any given statutory thing. And I don't think it's the providence of this law to require any court to begin conventional intent. Let's try again. Why is it the comment made in the footnote by Judge Ikuda in the Schlegel case absurd? And reject the per se rule that if you are one, you can't be the other. If you are a creditor, you can't be a debt collector. Why is that absurd? I'll tell you what. I'll give you a lifeline. You can come back and rebuttal on that. Thank you, Your Honor. And we'll hear from Mr. Giacco. Oh, good. I didn't see the clock up here sitting back there. I was ready to deal with that myself. May it please the Court, My name is John Giacco with the law firm of Thelheimer & Eichen on behalf of Apolise James and Allison Tepper in this appeal. If you could start, tell us how you read. I realize Henson deals with the second prong of what is a debt collector. In this case, deals with the first. So one could argue at the outset that Henson really is off point, and yet you've heard this panel saying, well, there are aspects of the rationale of that case that may be helpful in analyzing what we have here. How do you go about the analysis? I go about it by looking right at the statute itself. When you look at Section 1692A, okay, and the two definitions, the whole construct of the statute, although it mentions and identifies and defines what is a creditor, it doesn't say in the definition of what is a debt collector, creditors are excluded. In fact, this panel has discussed with opposing counsel the idea that, oh, there is an exclusion for the employees of a creditor. So the whole construct of the analysis and why it says there is a principal purpose test is that you can have a creditor to whom a debt is owed. That's not where it ends. You look at what is their principal purpose. If it is to collect debts, then they have crossed the threshold and become a debt collector, and the law applies to them to protect consumers on a least sophisticated debtor basis. Your opposing counsel seemed to indicate that the character of the debt might matter, consumer versus commercial debt, if I heard him correctly. Is that accurate? Does that play a part in this case? That is not a challenge that they made in this appeal. That is not a challenge that they made to the district court. They have not disputed the district court's fact findings in this case at all. It's only because Hansen arose and we did post-trial briefing on Hansen that this appeal even exists, and it's based solely on whether they are a debt collector, even though the record is replete. There were multiple mailings where they used the statutory language to protect themselves, to identify that they were trying to collect a debt. They testified at trial that they buy debt into default. I don't think that the amicus in this case, when they focus on whether you're a sole, if all you do is buy debt, you should be liable under this law. Those aren't even facts at issue in this case. So, yeah, on that point, Mr. Chuck, do we have to reach the passive debt collector issued to resolve this case? You have to reach the what? You have to reach the passive debt purchaser issued. Let me just briefly mention that. Yeah. Do we have to reach that issue to resolve this case? Not in this case, Your Honor. But at the end of the day, going back to the mutual exclusivity idea, it was never in the express part of the statute. If Congress intended to say, once you are a creditor to whom a debt is owed and you're trying to collect, you're excluded from this statute, you wouldn't even necessarily need to specifically say we're going to exclude officers and employees of a creditor, if that were the case. What they cared about was what's the relationship, what do consumers face, whether they are sophisticated, wealthy people, unsophisticated, poor people, disabled people. They come in all walks of life. Some of whom can't take telephone messages like the one you discussed in the prior appeal. But at the end of the day, if the business model, and their business model is this, and they don't dispute that they were bad actors in the case below, but if the business model is we're going to buy defaulted debt, and that's all we buy, and we don't collect personally, but we get shell third parties to do it. And don't worry, consumers can sue them if they commit bad acts, but they're shells, they don't ever collect them, they can't sue us. That can't be the answer, and that's what Crown's advocating for as an amicus. Yeah, we're not dealing with, but the point is we don't have to reach that issue, right? Correct. Okay, good. So assuming we don't have to reach it, and we choose not to reach it for purposes of our discussion, focusing on what Mr. Helbing has been pressing on us, why isn't it the case that when the Supreme Court in Henson goes out of its way to say, we are not talking about the principal purpose prong here. We're just not talking about that. Why shouldn't we say, okay, well, like the district court said, the principal purpose prong is unaffected by Henson, and if it's unaffected by Henson, that means that our case, as far like check investors, is still in play, and you can't be both. What's wrong with that? Well, first let me note that just on May 25th, 2018, a court in this district in Norman v. Allied Interstate LLC dealt with the questions that are on issue in this appeal, and that was Judge McHugh in 218 Westlaw 23099. Back to the question. When it comes to the principal purpose, it doesn't matter whether they have commercial debts or consumer debts, as long as they have consumer debts. Here, the debt was a consumer debt. It was conceded as such, and they collect them. Good enough, right? And you answered that question earlier, which is, if that were an issue, they waived it because it wasn't raised below and it wasn't briefed here. Fine. Now the question I'm putting to you is a different one, which is the Supreme Court expressly went out of its way to say, we are not talking about the principal purpose prong of the statute. If that's the case, couldn't one reasonably say, well, the law associated with principal purpose remains unchanged after Hudson. If that's true, check investors as the principal purpose is still good law, and you can't be both. What's wrong with that line of reasoning, which I take to be, I don't want to put words in his mouth, but I take that to be at least part of the argument that Mr. Halving is presenting to us. Because the construct of the very statute, with all of the tests that were discussed in all the briefing, when you look at what they say is included as a debt collector, and then the way in which they exclude certain things like the officers and employees of a creditor, that alone suggests that the creditor can still be a debt collector covered by this statute, and can still experience liability under this statute. Because what Congress didn't do was come back and say, all creditors collecting their own debt, they're outside of this statute. They easily could have done that. Instead, it's a much more complicated statute by having the exceptions the way they do. But I think the whole construct of the definitions themselves make clear, yeah, you can be a creditor at the beginning because a debt is owed to you. But then what is it you're trying to do? If your primary principle purpose is to collect debts, you're not a bank, a traditional bank. A traditional bank has a relationship with all of its customers. And it doesn't want to necessarily, or it's incentivized, not to have a bad reputation on the street for being overly aggressive in collecting its debts. And it loans. It has a relationship up front. It has a relationship on the back end if it goes into default. That's not the business model we're talking about that bothered Congress. Congress was worried about the people who buy defaulted debts and then go on to hurt the consumers in their attempts to collect those debts. So your assertion is that even though it has accepted the principle purpose wrong in Hanson, the Supreme Court was not saying anything contrary to your description of what the overall structure of the statute is? Not at all, Your Honor. Okay. Not at all. Okay. Anything further? No. No further questions. Thank you. Thank you. Mr. Helby. Thank you, Your Honor. When I left the party, you left me with the task of why the rejection of the pro se rule in Ninth Circuit case, in my opinion, would be absurd. And the task, I think, was ably answered by Judge Jordan there. I don't know. I guess the answer is, Your Honor, absurd was the wrong term to use there. It can easily be inferred either way on the opinion, oh, that's not the law in this jurisdiction. The law in this jurisdiction of the Third Circuit is the FTC case. Well, I mean, but what we went through before is some of the analysis. And I don't believe that check investors' holding was the way you get to a holding is not the holding. And Henson undercuts or abrogates, one can make an argument, completely the way in which the panel in check investors went about its analysis. And the statement that if you're one, you can't be the other is not the holding there. So we're not bound by that. And even if we were bound by that, there's a good argument that check investors takes it off the board. And when you also look at the Supreme Court's opinion in Henson, at the very end, Justice Gorsuch says we have no difficulty imagining, for example, a statute that applies the Act's demands to anyone collecting anyone's debts. That seems like it lays the groundwork for the next case, and maybe what it means is this case in particular. You could buy a debt, whether in default or not, or in default in this case, and you would be a creditor, but you could also be subject to the Fair Debt Collection Practices Act with regard to actions you take to attempt to collect. We haven't had any guidance from any court in that regard yet. This may be the opportunity. In fact, I would think it is the opportunity. An opportunity to decide the case, the issue one way or the other, whether or not we're going to expand it or whether or not we're going to stick to the traditional jurisprudence, and this court, given the limited holding in Henson. Again, we can end where we started. If you just look at the text, it supports Mr. Jacko's position. Thank you very much. Thank you to both counsel, and we'll take the matter under advisement.